IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE KNOLLER,<br><br>  Plaintiff,<br><br>  v.<br><br>WALTER MILLER, Warden, Valley State Prison for Women,<br><br>  Defendant.                                    / | No. C 12-00996 WHA<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Marjorie Knoller is currently confined at the Valley State Prison for Women in Chowchilla. Pursuant to 28 U.S.C. 2254, she has filed a petition for writ of habeas corpus through counsel. In her petition for writ of habeas corpus, she has stated valid claims under 28 U.S.C. 2254. The respondent is **ORDERED TO ANSWER** the petition. It is not clear from the petition whether venue is proper. The parties shall address this issue in their briefing.

## STATEMENT

On March 27, 2001, a grand jury sitting in San Francisco indicted petitioner on three counts in connection with a fatal dog-mauling incident. Venue was transferred to Los Angeles County due to hostile publicity against petitioner in the San Francisco Bay Area. On March 21, 2002, a jury in Los Angeles County found petitioner guilty of second degree murder, involuntary manslaughter, and mischievous animal charges. The trial judge in San Francisco Superior Court granted petitioner's request for new trial as to the murder conviction and denied the request as to

the other convictions. Petitioner was sentenced to a term of four years in prison on the involuntary manslaughter conviction. Her sentence was stayed on the mischievous animal conviction.

The state appealed the trial court's order granting a new trial as to the murder conviction. Petitioner appealed the order denying a new trial as to her manslaughter and mischievous animal convictions. On May 5, 2005, the state court of appeal reversed the new trial order as to the murder charge and affirmed the remaining convictions. Petitioner sought review of the state court of appeal's decision. The California Supreme Court granted review and reversed the court of appeal and ordered the matter returned to the trial court for reconsideration of the new trial motion pursuant to the legal standard articulated in its decision. The case was remanded to the San Francisco Superior Court. The presiding judge reassigned the case to Judge Charlotte Woolard, who denied the new trial motion and reinstated the murder conviction. Judge Woolard sentenced petitioner to fifteen years to life. Petitioner appealed the reinstated murder conviction. The court of appeal affirmed. Petitioner then sought review in the California Supreme Court, but her petition was denied on December 1, 2010. Petitioner states that the federal constitutional claims presented in this petition were raised in the course of her state appeal and state habeas applications, such that her claims are exhausted. The instant petition only challenges petitioner's second degree murder conviction.

**ANALYSIS**

**A.　STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that the petitioner is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B. LEGAL CLAIMS.**

As grounds for federal habeas relief, petitioner claims: (1) that the state courts unreasonably denied her claim that the trial court's gag orders and threats to expel her counsel from the courtroom during the prosecutor's rebuttal closing argument was a per se prejudicial violation of her Sixth and Fourteenth Amendment rights to the assistance of counsel; (2) that the state courts unreasonably denied her claim that the trial court's admission against petitioner of the incriminating letters of her non-testifying co-defendant constituted a prejudicial violation of her Fifth, Sixth, and Fourteenth Amendment rights to confront the witness against her and to a fair trial; and (3) that the cumulative impact of the foregoing constitutional errors was prejudicial to a degree that warrants habeas relief.

These claims are sufficient to require a response.

## CONCLUSION

1. The **CLERK IMMEDIATELY SHALL SERVE** by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on petitioner.

2. **RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER, WITHIN SIXTY DAYS OF THE ISSUANCE OF THIS ORDER, AN ANSWER** conforming in all respects to Rule 5 of the Rules governing Section 2254 cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed.

If petitioner wishes to respond to the answer, he shall do so by filing a **TRAVERSE WITH THE COURT AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THE ANSWER IS FILED**.

3. Respondent may file, within sixty days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of

the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true and correct copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 18, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4