**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE KNOLLER,<br><br>　　　Petitioner,<br><br>　v.<br><br>WALTER MILLER, Warden, Valley State Prison for Women,<br><br>　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | No. C 12-00996 WHA<br><br>**ORDER DENYING REQUEST FOR DEFAULT AND GRANTING APPLICATION FOR EXTENSION OF TIME TO FILE RESPONSE** |

Pursuant to 28 U.S.C. 2254, petitioner Marjorie Knoller filed a petition for a writ of habeas corpus. An order to show cause issued requiring respondent to file an answer or motion to dismiss on procedural grounds in lieu of an answer by June 18, 2012. None was filed. A second order to show cause issued requiring respondent to file a written response explaining respondent's failure to timely file an answer in accordance with the first order to show cause. The response was due June 25, 2012. None was filed.

On June 26, 2012, petitioner, through counsel, filed a request to enter default pursuant to FRCP 55(a) on the grounds that respondent failed to respond to both orders to show cause. On June 27, 2012, respondent filed a motion for an extension of time to file a response to the first order to show cause. That same day, respondent filed a motion to dismiss the petition as unexhausted. Also on June 27, 2012, respondent filed a response to the second order to show cause explaining respondent's failure to timely respond to the petition. According to Attorney Peggy Ruffra, respondent's counsel of record, after the first order to show cause issued, the case

was reassigned to her because the previous attorney handling the state proceedings left the Attorney General's office in April 2012. Upon receiving the first order to show cause, Attorney Ruffra inadvertently calendared the due date for the response brief as July 18, instead of June 18 (Ruffra Decl. ¶ 2). The second order to show cause was electronically filed, but the Attorney General's office was not served a copy of the order and did not receive an email notification (Ruffra Decl. ¶ 4). Thus, Attorney Ruffra did not become aware of the second order to show cause until she received petitioner's request to enter default on June 26, 2012, which mentioned the second order to show cause (*ibid.*).

Petitioner, who is serving a sentence of fifteen years to life, will not be prejudiced by the nine-day delay in filing the motion to dismiss. Good cause having been shown for the delay in responding to the first and second orders to show cause, the respondent's request for an extension of time to file a response to the petition for writ of habeas corpus is **GRANTED**. Respondent's motion to dismiss, filed June 26, 2012, is accepted.

The request to enter default pursuant to FRCP 55(a) is **DENIED**. A motion to dismiss the petition has been filed and there was good cause for respondent's delay in responding to the orders to show cause.

**IT IS SO ORDERED.**

Dated: July 2, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2