IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE KNOLLER,<br><br>Petitioner,<br><br>v.<br><br>WALTER MILLER, Warden, Valley State Prison for Women,<br><br>Respondent. | No. C 12-00996 WHA<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS HABEAS CORPUS PETITION** |

## INTRODUCTION

In this habeas corpus proceeding, respondent moves to dismiss the petition for failure to exhaust state remedies. Petitioner has filed an opposition, to which respondent has replied. For the reasons stated below, respondent's motion is **DENIED**.

## STATEMENT

As stated in the order to show cause (Dkt. No. 2), petitioner Marjorie Knoller's habeas corpus petition includes the following three constitutional claims: (1) that the state courts unreasonably denied petitioner's claim that the trial court's gag orders and threats to expel her counsel from the courtroom during the prosecutor's rebuttal closing argument was a per se prejudicial violation of her constitutional right to the assistance of counsel; (2) that the state courts unreasonably denied her claim that the trial court's admission against petitioner of the incriminating letters of her non-testifying co-defendant constituted a prejudicial violation of her

constitutional right to confrontation and to a fair trial; and (3) that the cumulative impact of the foregoing constitutional errors was prejudicial to a degree that warrants habeas relief.

In March 2002, petitioner was convicted of second degree murder, involuntary manslaughter, and ownership of a mischievous animal causing death. Petitioner's motion for a new trial was granted on the second degree murder charge, but denied as to the other two convictions. On appeal, the California Court of Appeal reversed the order granting a new trial on the murder conviction and affirmed the judgment on the other two convictions. Petitioner then filed a petition for review with the California Supreme Court in June 2005. Petitioner states, and respondent does not contest, that petitioner presented her federal constitutional claims, including her claim for cumulative error, in both her appeal and her subsequent petition for review to the California Supreme Court. The California Supreme Court granted limited review of the order granting a new trial on the murder charge.

On remand, the trial court reinstated the murder conviction and sentenced petitioner to 15 years to life in prison. Petitioner appealed the conviction, again arguing her federal constitutional claims, including cumulative error. After the California Court of Appeal affirmed the trial court's judgment, petitioner filed a second petition for review in the California Supreme Court in October 2010. Respondent moves to dismiss the petition on the ground that petitioner has not exhausted her claim for cumulative error because she failed to present the claim to the California Supreme Court in her second petition for review.

## ANALYSIS

1. **STANDARD OF REVIEW**.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

1 State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
2 Exhaustion, however, does not require repeated assertions if a federal claim is actually
3 considered at least once on the merits by the state's highest court. *Greene v. Lambert*, 288 F.3d
4 1081, 1086 (9th Cir. 2002) (citing *Castille v. Peoples*, 489 U.S. 346, 350 (1989)).

        2.    **EXHAUSTION**.

Respondent concedes that petitioner raised her claim of cumulative error in her first petition for review to the California Supreme Court in 2005. That court granted limited review as to two other claims and is thus presumed to have reviewed and denied the cumulative error claim on the merits. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). As stated in its brief, respondent agrees that this decision "normally . . . would constitute an implicit denial of the cumulative error claim, and would be sufficient to comply with the exhaustion requirement" (Reply Br. 2). Respondent argues, however, that because petitioner again raised the cumulative error issue in her second appearance before the Court of Appeal but failed to include it in her second petition to the California Supreme Court, the claim was not "fully resolved" and petitioner has not completed "one complete round" of the state appellate process.

Respondent has cited no decision that supports an interpretation of the exhaustion doctrine as requiring that a petitioner present her claim to the state's highest court multiple times, even after that court has passed on the merits of the claim. Here, the state supreme court was presented with and did adjudicate the merits of petitioner's federal constitutional claim. Petitioner's claim has accordingly been exhausted for purposes of filing the instant habeas petition in federal court. Whether petitioner continued to argue a claim of cumulative error in subsequent proceedings in the Court of Appeal does not affect the exhaustion analysis. Indeed, that court explicitly declined to revisit petitioner's constitutional claims as outside the scope of its limited review, stating that its "initial opinion remains determinative as to all of the issues it decided that were not addressed by the Supreme Court." *People v. Knoller*, No. A123272, 2010 WL 3280200, at *49 (Cal. Ct. App. Aug. 20, 2010). Petitioner is not required to present her federal constitutional claim to the state supreme court a second time under these circumstances.

3

**CONCLUSION**

For the reasons stated above, the Court finds that petitioner has fulfilled the exhaustion requirement with respect to the challenged claim. Accordingly, respondent's motion to dismiss is **DENIED** and the hearing set for August 30 is hereby **VACATED**.

**RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER AN ANSWER WITHIN SIXTY DAYS OF THE ISSUANCE OF THIS ORDER SHOWING CAUSE WHY A WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED.**

If petitioner wishes to respond to the answer, he shall do so by **FILING A TRAVERSE WITH THE COURT AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THE ANSWER IS FILED**.

**IT IS SO ORDERED.**

Dated: August 22, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4